IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHOR CHIN LIM,

                 Plaintiff,      OPINION AND ORDER

              v.           12-cv-492-slc[1]

SCOTT WALKER, STAPLES, INC.,
RON SARGANT, WIATR, LLC, RICKY
H. LAU, ELIZABETH LAU, YAN WAN,
LLOYD M. SMITH S.C., LLOYD M.
SMITH, MATTHEW G. PALMER,
J.B. VAN HOLLEN, FRANK H.
EASTERBROOK, WILLIAM J. BAUER,
ANN CLAIRE WILLIAMS, RUDOLPH
T. RANDA, CHARLES N. CLEVERT,
LYNN ADELMAN, YOK LAW, JOHN
REID, AMIR SAM DIBAEI, CITY OF
MILPITAS, JOSE ESTEVES, RONALD HACKER,
CVS CAREMARK, INC., LARRY J. MERLO,
SAFEWAY, INC., STEVEN BURD,
MITT ROMNEY, ED GALLARDO,
ORANGE TREE FROZEN YOGURT, AND
DOES 1 through 18, INCLUSIVE,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Khor Chin Lim has filed a complaint against Scott Walker in his personal and official capacity as the Governor of Wisconsin and 29 other named defendants, including his dentist, presidential candidate Mitt Romney, a variety of retail establishments,

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

several federal district court and appellate judges, the City of Milpitas, California, several California residents, and 18 unidentified individuals who are "indebted" to plaintiff in unspecified ways and whose "true names and capacities" are unknown. Plaintiff alleges that all of these defendants have engaged in a far flung conspiracy with Governor Walker and candidate Romney, in particular, to inflict diverse harms upon him and he has filed a motion for a temporary restraining order and a preliminary injunction. Plaintiff has also filed a motion to consolidate this case with five other pending complaints that he has filed in the United States District Court for the Eastern District of Wisconsin.

Plaintiff is proceeding pro se. He has paid the filing fee, but his complaint is still subject to screening under 28 U.S.C. § 1915(e)(2) before it can be served on defendants. Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). In screening any pro se litigant's complaint, the court must construe his claims generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After conducting a liberal review of the complaint, I am denying plaintiff's motions and dismissing this case because plaintiff has filed to state any viable claims against any defendant.

## FACTS

Plaintiff Khor Chin Lim alleges that he is a resident of Janesville, Wisconsin. He

executed the pending complaint on July 9, 2012, in Milpitas, California.

Plaintiff makes the following allegations. The primary defendant in this case is Wisconsin Governor Scott Walker, whose official address is Madison. Defendant Wiatr, LLC, is a company doing business in Chicago, Illinois. Staples, Inc., is a corporation with its headquarters located in Framingham, Massachusetts, where defendant Sargent is its Chairman and CEO. Defendants Ricky and Elizabeth Lau are residents of California. Lloyd M. Smith, S.C., is a "dentistry business," where defendants Lloyd M. Smith and Matthew G. Palmer are employed. Defendant J.B. Van Hollen is Attorney General of Wisconsin. Defendant Frank H. Easterbrook is a judge who serves on the United States Court of Appeals for the Seventh Circuit and a resident of Illinois, as are defendants William J. Bauer and Ann Claire Williams. Defendants Rudolph T. Randa, Charles N. Clevert, and Lynn Adelman are district judges serving the Eastern District of Wisconsin in Milwaukee. Defendant Yok Law is a resident of the State of California in the City of Milpitas. Defendant John Reid is a judge and a resident of Santa Monica, California. Defendant Ronald Hacker is a resident of California who does business in Los Angeles. Defendant Amir Sam Dibaei is an attorney who represents defendant Hacker and "Bag Fund LLC" in a case (Case No. SC112269) that is pending in the Superior Court of California in Los Angeles. Defendant City of Milpitas is located in "the bay area" of the state of California. Defendant Jose S. Esteves is Mayor of the City of Milpitas. Defendant CVS Caremark Corporation (CVS) does business in the state of California, and elsewhere, and its corporate headquarters are located in Woonsocket, Rhode Island. Defendant Larry Merlo, who is Chairman and CEO of Defendant CVS, is a

resident of Rhode Island. Defendant Safeway Inc. (Safeway) is a company with corporate headquarters located in Pleasanton, California. Defendant Steven Burd is a California resident who serves as Safeway's Chairman and CEO. Defendant Orange Tree Frozen Yogurt does business at "Great Mall of Milpitas" in California. Defendant Mitt Romney is an individual resident of Massachusetts. Defendant Ed Gallardo is a police officer employed by the City of Milpitas, California, where Gallardo resides.

Plaintiff alleges that all of the defendants have "acted in concert, in conspiracy with Mitt Romney and Scott Walker," in particular, "to inflict harm on plaintiff, and the conspiracy, aiding and abetting among the defendants is ongoing." He alleges that the conspiracy began on October 23, 2011, when plaintiff purchased cough medicine from Walgreens. The medicine caused him to "feel drowsy" and go "to sleep." Several days later, on October 28, 2011, plaintiff purchased some "diet mountain dew" from Walgreens, which caused "severe pain" in his stomach and back. Plaintiff sought treatment the following day at the Meriter Hospital emergency room. Plaintiff left without receiving any treatment, however, after the nurses prevented him from having any "milk or drinks" without a doctor's consent.

On October 31, 2011, plaintiff purchased unspecified "drugs" at Target, which "exacerbated the problem caused by the diet mountain dew." Pharmacists employed by Target "subsequently sent emails harassing plaintiff." On November 1, 2011, plaintiff went to Beloit Memorial Hospital, which "committed assault, battery" and "fraudulent treatment" for an unspecified ailment. Plaintiff appears to allege that these incidents could have been

prevented, but were not because defendants Randa, Clevert and Adelman, who were presiding over civil actions against Walgreens, Target and others, "failed to rule on [plaintiff's] motion seeking [a temporary restraining order]."

Plaintiff alleges that in February of 2012, defendant Wiatr, "trading in the style as Discount Locker, fraudulently induced plaintiff to engage their service to rekey the lock of [his] car door." A "service technician" employed by defendant Wiatr duplicated the key to plaintiff's car illegally and distributed copies to all of the named defendants. Plaintiff alleges that, on numerous occasions, defendants have "trespassed" by entering his car and stealing items "ranging from mobile phones, clothing, accessories, etc."

Plaintiff is involved in state court litigation of an unspecified nature with defendant Hacker and his attorney, defendant Dibaei. Plaintiff claims that defendant Reid refused to recuse himself as the presiding judge this action (Case No. SC112269) which is pending in the Superior Court of California. Plaintiff contends that defendant Reid has "imposed sanctions and ordered discovery" without any jurisdiction in that case.

Plaintiff alleges that defendant Lau "fraudulently induced plaintiff to rent a room located at 8805 Duarteh Road," in San Gabriel, California. Defendant Lau did so, alleges plaintiff, "to inflict harm on plaintiff" by spreading "bugs on the bed" and stealing plaintiff's "partial bridge." Plaintiff alleges that dentists employed at defendant Lloyd M. Smith S.C. then "fraudulently induced plaintiff to engage their services only to mail to plaintiff a defective 'partial bridge.'"

Plaintiff acknowledges that he has filed more than one unsuccessful lawsuit against

Governor Walker, and others, in the Eastern District of Wisconsin.  Plaintiff alleges that defendants Easterbrook, Bauer and Williams, who presided over one of his appeals to the Seventh Circuit, wrongfully voted to deny his motion to recuse themselves in Case No. 12-1265 and took other actions without jurisdiction in connection with several other civil actions that were dismissed by the Eastern District of Wisconsin.  Plaintiff contends that defendant Van Hollen had "no power" to defend Governor Walker or to appear in any of the proceedings that were dismissed by the Eastern District.

Plaintiff alleges that, in June 2012, he filed a complaint with the District Attorney in Milwaukee, Wisconsin, for an assault attempted by the named defendants at a Staples store in Verona, Wisconsin, in August 2011.  The assault was committed by a person who purported to be the store "manager," but who was actually a "bouncer/gangster" hired by Governor Walker and Mitt Romney to commit battery and inflict physical or bodily injury on plaintiff.  A similar assault occurred on April 18, 2012, in front of a "tea house" known as the "Half and Half" in Pasadena, California, where "two Asian men attempted to commit battery" and to "assassinate plaintiff by trying to provoke plaintiff" and to inflict harm by causing a fight. Plaintiff blames the defendants for these incidents.

On May 9, 2012, defendant Esteves, as Mayor of the City of Milpitas, caused the water supply to plaintiff's residence at 170 Rose Drive to be filthy, rendering the premises inhabitable [sic] and unsafe."  Plaintiff states further that defendant Law "fraudulently rented" this address to him for the purpose of stealing items of his property, including his wallet and passport.   Plaintiff alleges that, on May 9, 2012, defendant Law "pretended to

6

vacuum the floor" while waiting for an opportunity to steal plaintiff's belongings. Defendant law then "sprayed films of oily substance" on his belongings and "spread bugs on the bed-sheet."

Thereafter, on June 18, 2012, defendant Law instituted proceedings in the Superior Court of California, in Santa Clara County, to evict plaintiff from his residence. At some point, defendant Law called the City of Milpitas Police to remove plaintiff from the property. Plaintiff claims that, during the eviction process, defendant Gallardo pointed his pistol at plaintiff, which constitutes "apprehension, amounting to false arrest and inflicted severe emotional distress."

Plaintiff alleges that, on June 29, 2012, defendant Safeway caused plaintiff's backpack to be stolen. When plaintiff called the police to investigate, the officer who responded "conspired with Safeway to hide the fact that plaintiff's property was stolen." The stolen property was later returned. Several days later, on July 5, 2012, defendants Safeway, CVS, and Orange Tree Frozen Yogurt "fraudulently induced" plaintiff to consume "drinks and yogurt" that were tainted by poison. Plaintiff asserts that the poison was added by the defendants.

Plaintiff accuses various combinations of defendants with engaging in deceit, fraud, breach of contract, false imprisonment, interference with contractual relations, batter, assault, trespass, conversion, harassment, defamation and abuse of legal process. Plaintiff accuses all defendants of intentional infliction of emotional distress. Plaintiff claims that all defendants are vicariously liable as conspirators and for aiding and abetting the wrongful

7

actions of the others.

Plaintiff seeks punitive damages and injunctive relief against the defendants. He has filed a motion for a temporary restraining order directing the defendants to stop hunting and pursuing him with intent to cause harm. Plaintiff also asks this court to consolidate his complaint with the following cases that he filed in the Eastern District of Wisconsin: <u>Lim v. Marvin Hellenbrand</u>, No. 12-cv-296; <u>Lim v. Walgreens, Inc.</u>, No. 12-cv-168; <u>Lim v. Mark Griffiths</u>, No. 12-cv-264; <u>Lim v. Quest Diagnostics, Inc.</u>, No. 11-cv-875; and <u>Lim v. New York State Bd. of Law Examiners</u>, 11-cv-429. Plaintiff maintains that consolidation is warranted because all of these actions involve "common questions of law and fact."

OPINION

As noted above, plaintiff has paid the filing fee. Nevertheless, "[d]istrict judges have ample authority to screen the complaint and dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." <u>Hoskins</u>, 320 F.3d at 763; <u>Rowe</u>, 196 F.3d at 783. In that respect, a district court may dismiss a complaint "at any time," notwithstanding the payment of any filing fee, if the reviewing court determines that the action is: (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). To proceed with a complaint alleging "a vast, encompassing conspiracy," the plaintiff must meet "a high standard of plausibility." <u>Cooney v. Rossiter</u>, 583 F.3d 967, 971 (7th Cir. 2009).

Although pro se pleadings are entitled to a liberal construction, Haines, 404 U.S. at 521, a pro se complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke, 490 U.S. at 325). Stated another way, a complaint is factually frivolous if its allegations are "bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted).

I conclude that plaintiff's complaint is frivolous. No reasonable person would believe that Governor Walker and Mitt Romney have conspired together with so many others to sicken plaintiff with medication, beverages and frozen yogurt or to cause plaintiff's eviction, among other things. This conclusion is bolstered by the number of other cases filed recently by plaintiff (also describing sprawling conspiracies), which have been dismissed as frivolous. Lim v. BMO Financial Group, No. 11-cv-666 (E.D. Wis. Jan. 19, 2012); Lim v. Walker, No. 11-cv-708 (E.D. Wis. Sept. 14, 2011); Lim v. Courtcall, Inc., No. 11-cv-748 (E.D. Wis. April 30, 2011); Lim v. Staples Inc., No. 11-cv-866 (E.D. Wis. Nov. 17, 2011); Lim v. Lim, No. 11-980 (E.D. Wis. Oct. 21, 2011); Lim v. Courtcall, Inc., No. 12-cv-5 (E.D. Wis. Jan. 19, 2012); Lim v. New York State Bd. of Law Examiners, 12-cv-429 (E.D. Wis. July 13, 2012). Because the allegations in this case are so implausible as to be wholly incredible, Neitzke, 490 U.S. at 325, the complaint must be dismissed as frivolous.

Alternatively, most of this complaint would have to be dismissed because the majority

of plaintiff's claims are grounded in state law. In the absence of an actionable or non-frivolous claim arising under federal law, I see no reason to exercise supplemental jurisdiction over the state law claims. Ridings v. Riverside Med. Ctr., 537 F.3d 755 ,772 (7th Cir. 2008). Accordingly, plaintiff's state law claims also will be dismissed.

ORDER

IT IS ORDERED that

1. Plaintiff Khor Chin Lim's motion for a temporary restraining order, dkt. 2, and his motion to consolidate, dkt. #5, are DENIED.

2. The case is DISMISSED.

Entered this 25th day of July, 2012.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge